# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEVIN POWLEY,**
**Claimant Below, Petitioner**

**vs.)    No.  16-0561** (BOR Appeal No. 2051008)
                    (Claim No. 2014010769)

**WEST VIRGINIA UNIVERSITY-BOR,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Powley, by Raymond A. Hinerman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University-BOR, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether Mr. Powley is entitled to the medications Hydrocodone/APAP, Neurontin, and Diazepam. On June 8, 2015, the claims administrator denied a request for the medications. The Office of Judges affirmed the decision in its December 14, 2015, Order. The Order was affirmed by the Board of Review on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Powley, a mechanic, injured his lumbar spine on September 17, 2013, when he was changing a bearing on a bus. The claims administrator held the claim compensable for a lumbar sprain/strain. Mr. Powley started treating with Robert Gerbo, M.D., on September 24, 2013. Dr. Gerbo requested authorization for Hydrocodone/APAP, Neurontin, and Diazepam on March 17, 2015. The request was denied by the claims administrator on June 8, 2015. This appeal followed.

Mr. Powley was seen in the emergency room at Ruby Memorial Hospital on September 17, 2013, where he provided a history of L4-L5 back problems, including a burst fracture in the past. He stated he was experiencing extreme pain due to the injury. A CT scan of the lumbar

1

spine showed neuroforaminal narrowing at L4-L5 and L5-S1, which was similar to that seen on the June 16, 2011, myelogram. No acute process was identified. Mr. Powley was diagnosed with lumbar back pain.

Dr. Gerbo treated Mr. Powley for the first time on September 24, 2013. He noted Mr. Powley had a history of chronic low back pain since a 2009 work injury for which he had been treated by another physician in the practice. Mr. Powley stated he was injured on September 17, 2013, when he was changing a bearing on a bus. He felt a pop in his back and had immediate pain. Mr. Powley also told Dr. Gerbo that prior to the injury his back had been acting up, so his primary care physician had ordered a lumbar spine MRI. The September 16, 2013, lumbar MRI revealed mild disc bulges at L1-L2 and L2-L3; mild disc bulge with early facet arthropathy, left greater than right, resulting in mild neural foraminal narrowing on the left at L4-L5, and early facet arthropathy with central disc protrusion and a small focus of increased signal suggestive of an annular fissure at L5-S1. Dr. Gerbo noted all of these were degenerative in nature. Dr. Gerbo diagnosed acute, intractable low back pain superimposed upon chronic low back pain. He had Mr. Powley transferred to the emergency room due to his pain and need for intravenous medication.

A lumbar spine MRI was performed on September 24, 2013, while Mr. Powley was treated in the emergency room. The MRI showed no severe central canal stenosis, cord compression, or compression of cauda equine. There were no changes in relation to the September 16, 2013, lumbar MRI.

Mr. Powley continued treatment with Dr. Gerbo for his lumbar spine pain on a regular basis in 2013 and 2014. Scott Rainey, M.D., performed an independent medical evaluation on December 15, 2014. Dr. Rainey diagnosed lumbar sprain due to the September 17, 2013, work injury. He found that Mr. Powley exhibited pain out of proportion for the motions and tasks asked of him and for his participation in the examination. In Dr. Rainey's opinion, the lumbar sprain was a self-limiting condition that generally resolved in six weeks to three months. In his opinion, Hydrocodone, Valium, and Cymbalta were not necessary for the treatment of the lumbar strain.

Dr. Gerbo requested authorization for Hydrocodone, Valium, and Diazepam on March 17, 2015. James Dauphin, M.D., performed a physician's review regarding the necessity and appropriateness of Hydrocodone, Neurontin, and Cymbalta on April 8, 2015. He found that Mr. Powley had a long-standing history of low back pain for which he was being treated prior to his injury. In Dr. Dauphin's opinion, the medication was not medically necessary for the effects of the September 17, 2013, injury.

Bruce Guberman, M.D., performed an independent medical evaluation on April 16, 2015. Dr. Guberman noted that prior to September 17, 2013, Mr. Powley injured his low back in April of 2009 and had experienced intermittent low back pain since that time. He re-injured his low back in April of 2011 when he was bending over at work. Dr. Guberman diagnosed chronic post-traumatic strain of the lumbar spine. In his opinion, no further specific treatment and/or diagnostic testing was likely to improve Mr. Powley's impairment in relation to the injury.

2

The claims administrator denied the request from Dr. Gerbo for Hydrocodone/APAP, Neurontin, and Diazepam on April 21, 2015. The StreetSelect Grievance Board met on June 2, 2015. The Board agreed with the denial of Hydrocodone/APAP, Neurontin, and Diazepam due to Mr. Powley's history of lumbar spine problems and diagnostic testing that revealed degenerative changes. On June 8, 2015, the claims administrator denied authorization for Hydrocodone/APAP, Neurontin, and Diazepam in accordance with the findings of the StreetSelect Grievance Board.

On July 27, 2015, Dr. Gerbo wrote a letter to the claims administrator stating Mr. Powley's low back pain remained constant, with radiation on the left side. Mr. Powley had been taking Hydrocodone for pain, Neurontin for neuropathic pain, and Valium for a sleep disorder due to constant pain.

D. Kelly Agnew, M.D., performed an independent medical evaluation on September 30, 2015. He found that multilevel degenerative conditions pre-dated the September 17, 2013, injury. Dr. Agnew diagnosed chronic low back pain with degenerative changes seen on MRI before the work injury. He also diagnosed lumbar sprain/strain, resolved, and ongoing complaints with overwhelming non-organicity in relation to the September 17, 2013, injury.

The Office of Judges affirmed the claims administrator's June 8, 2015, decision denying the authorization of Hydrocodone/APAP, Neurontin, and Diazepam on December 14, 2015. It discussed all of the medical evidence and numerous radiographic studies and determined that due to Mr. Powley's history of serious chronic back problems dating back to 2009 it was more likely than not that the requested medications were not required for the September 17, 2013, low back sprain/strain. The Office of Judges found Mr. Powley's pre-existing degenerative processes were evident radiographically prior to the injury and were unchanged after the injury.

On May 20, 2016, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order. After review, we agree with the reasoning of the Office of Judges as affirmed by the Board of Review. Mr. Powley had a lumbar spine MRI for complaints of low back pain the day before the work injury. The MRI revealed degenerative changes, including an annular fissure at L5-S1. The claim was held compensable for a lumbar sprain/strain. Mr. Powley failed to submit evidence that established the need for treatment in excess of West Virginia Code of State Rules §85-20-37.5 (2006). He also failed to show the requested medications were needed for the compensable diagnosis of lumbar strain/sprain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker